UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rodney E. Jones**, # 244189, *Masterbuilder* (*aka* Rodney M. Jones *or* Rodney E. Jones *or* M. Rodney Jones), | ) **C/A No. 3:05-2405-MBS-JRM** ) ) ) |
| Petitioner, | ) ) |
| vs. | ) **Report and Recommendation** ) |
| **Mark Sanford**, Governor of South Carolina; and **Jon Ozmint**, Director of South Carolina Department of Corrections, | ) ) ) ) |
| Respondents. | ) ) |

_____

# *Background of this Case*

The petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). The pleading in the above-captioned case is styled as a "Writ of Mandamus" and is, obviously, a petition for writ of mandamus. In the pleading, the petitioner seeks a writ of mandamus to compel the Governor of the State of South Carolina and the Director of the South Carolina Department of Corrections to undertake certain actions.

In the petition for writ of mandamus, the petitioner states: (1) he is serving a fifteen-year "non-violent" sentence for a conviction entered in the Court of General Sessions for Fairfield County; (2) he has continued to be a "victim of torture and mistreatment under the Cold Hands of the respondents and their host of SCDC employees[;]" (3) the respondents have "over-held" the petitioner in their custody by the use of improper hearings, wherein the petitioner was deprived of due process and equal protection of the laws; (4) the respondents have placed the petitioner in danger by placing him at SCDC institutions where he should not be housed "due to zero tolerance/officer I/M related issues/Conflict of Interest[;]" (5) the petitioner has attempted to utilize the SCDC Grievance Procedure; and (6) the petitioner has "maxed out" his sentence and is, therefore, unlawfully held in the respondents' custody.

On pages 3 through 5 of the petition, the petitioner seeks the following relief: (1) production of all inmate hearing transcripts from October 20, 1997, "throughout" August 12, 2005; (2) production of chain of custody of illegal drugs that were sent to "Robert Lewis in Plaintiff SCDC Number #244189" on April 19, 2004, at the Evans Correctional Institution; (3) a conference with the United States Marshal, the FBI, and the ATF so that the petitioner can reveal the illegal activities taking place at various SCDC institutions, including a

fifteen million dollar tax fraud; (4) production of evidence to show that the petitioner received notice that he was losing good time credits in disciplinary hearings; (5) the name of the persons or agency that tested the drugs sent to Robert Lewis "in Plaintiff SCDC No. #" on April 19, 2004; (6) lab test results from the drugs tested; (7) lab tests result from the petitioner's drug test taken in July of 2005 by Sgt. McCurry at the McCormick Correctional Institution; (8) production of state classification inmate records for the petitioner from January 10, 2000, "throughout" August 14, 2005;  and (9) polygraph tests on respondent Ozmint and four other SCDC officials to determine their involvement in the inmate murders, sale and distribution of drugs, black market cigarettes, stamps, clothing, tax frauds, nepotism, and racial prejudice.

In the alternative and in the event the respondents cannot produce the transcripts relating to the taking of the petitioner's good time credits, the petitioner seeks: (1) expungement of his disciplinary records; (2) "[r]eimbursement of all good time credits lost from 1997 through 2005; and (3) "release of [petitioner] from SCDC Custody (Time Served Requested)."

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.   The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition

---

[1]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner is not entitled to mandamus relief in this court. Circuit precedents teach that a writ of mandamus is a drastic remedy.  The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.  *See* 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).  A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. *See*, *e.g.*, Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean

Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS®
7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent
Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996
WESTLAW® 511426 (4th Cir., June 5, 1996)[Table].  Hence, the petitioner
cannot obtain mandamus relief in this court against the respondents because
both respondents are state officials.

In Gurley, supra, a prisoner sought a writ of mandamus to compel the
Superior Court of Mecklenburg County (North Carolina) to prepare a free
transcript.  The district court in Gurley denied the relief sought by the prisoner.
On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit
concluded that it was without jurisdiction to issue a writ of mandamus because
it exercised no supervisory authority over the courts of the State of North
Carolina.  The Court also held that, if the prisoner's petition had been treated
as an appeal from the district court's order denying the issuance of the writ,
the district court did not have authority to issue a writ of mandamus: "Even if
we were to liberally construe this petition as an appeal from the denial of the
issuance of a writ of mandamus by the District Court[,] we still have no
jurisdiction for the reason that the District Court was also without jurisdiction

to issue the writ."  Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587.

The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988).  In Davis v. Lansing, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74.  *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985).  *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985).  In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) [supra], and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) [supra], and, therefore, was subject to summary dismissal.  Craigo v. Hey, supra, 624 F. Supp. at 414.  *Accord* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990); and Robinson v. California Board of Prison

Terms, 997 F. Supp. 1303, 1308,  1998 U.S.Dist. LEXIS® 4023 & 4024

(C.D.Cal. 1998)(collecting cases).[2]

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the

above-captioned case *without prejudice* and without issuance and service of

process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines

---

[2]It should be noted that the petitioner is  "struck out" under the "three strikes" provision of the Prison Litigation Reform Act.  *See* Section 804(g) of the Prison Litigation Reform Act, which has been codified as 28 U.S.C. § 1915(g).  "Strikes" were initially entered in two (2) cases filed by the petitioner in the District of South Carolina.  Those two (2) initial cases were: Jones v. South Carolina Department of Corrections, Civil Action No. 3:02-1958-24BC ("strike" entered on July 26, 2002); and Jones v. Laurie Bessinger, Civil Action No. 3:02-2669-24BC ("strike" entered on September 25, 2002).  In fact, the petitioner would have had even more "strikes" but for the fact that he filed motions for voluntary dismissals *without prejudice* in five (5) other civil actions where the undersigned had recommended "strikes."

Although the petitioner, for several years, was able to avoid his "third strike" in the District of South Carolina by filing motions for voluntary dismissals, the petitioner received his third and fourth "strikes" by filing a frivolous action (in the United States District Court for the Southern District of Texas) and a subsequent frivolous appeal.  *See* M. Rodney Jones v. Windsor Frozen Food Company, Inc., 79 Fed.Appx. 633, 2003 U.S.App. LEXIS® 21517, 2003 WESTLAW® 22417174 (5th Cir., October 22, 2003)("The district court's dismissal of the present case and this court's dismissal of the appeal count as two strikes against Jones for purposes of 28 U.S.C. § 1915(g).").  In light of the holding in Gurley v. Superior Court of Mecklenburg County, the "three strikes" rule is not necessary for the disposition of the above-captioned case.

The petitioner's third "District of South Carolina" strike was entered by the Honorable Margaret B. Seymour, United States District Judge, in her Order (Entry No. 4) filed in M. Rodney Jones v. South Carolina Department of Corrections, *et al.*, Civil Action No. 3:04-2325-24BC, on August 18, 2004.

v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  At least one circuit has concluded that a mandamus action may count as a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  *See* Green v. Nottingham, 90 F.3d 415, 417-420, 1996 U.S.App. LEXIS® 16431 (10th Cir. 1996); and In re Washington, 122 F.3d 1345, 1997 U.S.App. LEXIS® 23641 (10th Cir. 1997).  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The petitioner's attention is directed to the Notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 25, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &

## The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court); *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**