IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. Rodney Jones #244189, Masterbuilder, a/k/a Rodney M. Jones or Rodney E. Jones or Rodney Jones, <br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>Mark Sanford, Governor of South Carolina; and Jon Ozmint, Director of South Carolina Department of Corrections,<br><br>　　　　　　Respondents. | ) <br> ) <br> ) C/A No. 3:05-2405-MBS-JRM <br> ) <br> ) <br> ) <br> ) <br> ) **OPINION AND ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

　　Petitioner M. Rodney Jones is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner filed a document entitled "Writ of Mandamus" on August 17, 2005, in which he complains that he "has continued to be a victim of torture and mistreatment" and that he is being detained unlawfully "byway of improper disciplinary hearing's." Respondents are officials of the State of South Carolina.

　　In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed Petitioner's submission pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On August 25, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the case be summarily dismissed without prejudice because the court is without jurisdiction to compel action by state officials. The Magistrate Judge also recommended that the case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). On September 20, 2005, Petitioner filed a response to the Report and

Recommendation in which he states that he "fully agree's with the Report's and Recommendation's . . . made regarding dismissal without prejudice . . . ." Petitioner requests, however, that the case not be deemed a "strike."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is dismissed without prejudice and without issuance and service of process. Given Petitioner's history of filing frivolous litigation, however, the court concurs with the Magistrate Judge and deems this action a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 23, 2005

Columbia, South Carolina

2

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**